# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0714
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Christopher Lee Modlin,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Kellyann M. Lekar, Judge.

———————————

**AFFIRMED**

———————————

Des C. Leehey of Cameron Leehey Law Firm, PLLC, Cedar Rapids,
attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Christopher Modlin appeals his conviction for sexual abuse in the third degree. He challenges the sufficiency of the evidence based on alleged ambiguities regarding the victim's age. Deferring to the district court's reconciliation of the evidence and credibility findings, we affirm.

L.W. turned thirteen in December 2015. During the 2015–2016 school year, she would often stay overnight with her grandmother and Modlin, who was then her grandmother's paramour. One night, while L.W.'s grandmother was asleep, Modlin put his finger in L.W.'s vagina; according to L.W., he "start[ed] playing around" and she told him "no." On a separate occasion, Modlin forcibly penetrated L.W.'s vagina with his penis. Modlin told her he would hurt her mother if she told anyone what he did.

In 2018, L.W. disclosed the abuse to her mother. They immediately went to the police, who questioned Modlin. Modlin told an officer he did not have any inappropriate contact with L.W. and said he and the grandmother had broken up in November of 2016.

The county attorney charged Modlin by trial information with sexual abuse in the third degree, a class "C" felony in violation of Iowa Code section 709.4 (2015). And Modlin elected a bench trial.

L.W.'s grandmother testified that she and Modlin lived at their Waterloo rental for a year between March 2015 and 2016. She initially testified that she broke up with Modlin in 2017, but she later corrected herself and said they separated in late 2016. When Modlin testified, he again denied sexually abusing L.W. but provided a different timeline than what he told police, claiming he "kn[e]w for a fact" the breakup was in 2015. On cross-

examination, the prosecutor questioned whether Modlin changed his story about the timeline to avoid the date range in the trial information.

The district court credited the grandmother's later testimony as giving "the most specific testimony concerning the residenc[e] . . . and the timing of their subsequent break up in late 2016." The court specifically found the sex act "most likely occurred between August 2015 . . . and March 2016 . . . and, in no event, after November, 2016"; and the court observed L.W. was "no older than thirteen during th[is] period of time." The court found Modlin guilty as charged, and he appeals.

## STANDARD OF REVIEW

We review challenges to the sufficiency of the evidence for correction of errors at law. *See State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). The district court's findings of fact are treated as a special verdict, and we are bound by those findings if supported by substantial evidence. Iowa R. App. P. 6.907. "[W]e view the evidence in the light most favorable to the verdict," including all reasonable inferences fairly drawn from the evidence. *State v. Hawkins*, 27 N.W.3d 562, 568 (Iowa 2025).

## DISCUSSION

Modlin argues he was entitled to acquittal because of inconsistent testimony regarding L.W.'s age during the offense date-range. He asserts the inconsistent testimony demonstrates the sex act could have taken place after L.W. turned fourteen in December 2016, which would make her too old for the evidence to support conviction under the age-based alternative codified at section 709.4(1)(b)(2). While Modlin seizes on the grandmother's initial testimony that the breakup happened in 2017, the district court credited the grandmother's later testimony that the couple separated in 2016—and

deciding what evidence to believe was the district court's prerogative as factfinder. *See State v. Lopez*, 633 N.W.2d 774, 786 (Iowa 2001) ("The court as fact finder could believe some of the testimony, all of the testimony, or none of it."). And even if we did not give deference to this credibility-based determination, we would come to the same conclusion given the standard of review and additional corroborating evidence like Modlin's statements to police and L.W.'s mother's testimony.

In short, it is a factfinder's job at trial to sort out conflicts in witness testimony, not our court's role when reviewing a cold record. *State v. Lang*, 30 N.W.3d 757, 764 (Iowa Ct. App. 2025) (en banc). Here, the district court was able to reconcile the conflicting testimony and did so based on credibility findings. We discern no legal error.

**AFFIRMED.**